1
2
3                    UNITED STATES DISTRICT COURT
4                    NORTHERN DISTRICT OF CALIFORNIA
5
6    AARON LAMONT STRIBLING,                Case No.  16-cv-01277-YGR (PR)
                    Plaintiff,
7                                           ORDER OF DISMISSAL WITH LEAVE
           v.                               TO AMEND
8
     DR. ROWE, et al.,
9
                    Defendants.
10

11   **I.      INTRODUCTION**

12          Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42

13   U.S.C. § 1983.  His request for leave to proceed *in forma pauperis* will be granted in a separate

14   Order.

15          For the reasons stated below, the Court dismisses the complaint with leave to amend.

16   **II.     DISCUSSION**

17          **A.      Standard of Review**

18          A federal court must conduct a preliminary screening in any case in which a prisoner seeks

19   redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.

20   § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims

21   that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

22   monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1), (2).

23   *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't*,

24   901 F.2d 696, 699 (9th Cir. 1988).

25          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

26   (1) a right secured by the Constitution or laws of the United States was violated, and (2) that the

27   alleged violation was committed by a person acting under the color of state law.  *See West v.*

28   *Atkins*, 487 U.S. 42, 48 (1988).

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.     Exhaustion**

A question which must be answered before Plaintiff can proceed with his claims is whether he has exhausted available administrative remedies with respect to each claim.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under this section, an action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." *Id.* at 524; *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.* at 741. The purposes of the exhaustion requirement include allowing the prison to take responsive action, filtering out frivolous cases and creating an administrative record. *See Porter*, 534 U.S. at 525.

A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir.), *cert. denied*, 540 U.S. 810 (2003). Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the prisoner has conceded that he did not exhaust administrative remedies. *Id.*

The California Department of Corrections and Rehabilitation ("CDCR") provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. Cal. Code Regs. tit. 15, § 3084.1(e). On

2

United States District Court
Northern District of California

January 28, 2011, California prison regulations governing inmate grievances were revised.  In order to exhaust available administrative remedies within this system, a prisoner must submit his complaint on CDCR Form 602 and proceed through three levels of appeal: (1) first formal level appeal filed with one of the institution's appeal coordinators, (2) second formal level appeal filed with the institution head or designee, and (3) third formal level appeal filed with the CDCR director or designee (i.e., "Director's level").  Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.7.  Under specific circumstances, the first level review may be bypassed.  *Id.*  The third level of review constitutes the decision of the Secretary of the CDCR and exhausts a prisoner's administrative remedies.  *Id.* § 3084.7(d)(3).  A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him.  *Butler v. Adams*, 397 F.3d 1181, 1183 (9th Cir. 2005); *Bennett v. King*, 293 F.3d 1096, 1098 (9th Cir. 2002).

Although a cancelled appeal may not be submitted for further review, the inmate may separately appeal the cancellation.  Cal. Code Regs. tit. 15, § 3084.6(e).  A cancelled appeal does not exhaust administrative remedies.  *Id.* § 3084.1(b).

Here, Plaintiff alleges that his 602 inmate appeal relating to the claims in the instant complaint, log no. SVSP-14-05089 ("SVSP-14-05089"), which was submitted to the Director's level, was "canceled" on April 27, 2015.  Dkt. 1 at 2.  He also attaches a copy of the April 27, 2015 letter from Acting Chief M. Voong of the Office of Appeals, entitled "RE: TLR# 1409391," which canceled SVSP-14-05089 as untimely and states as follows:

> Your appeal has been cancelled pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(c)(4).  Time limits for submitting the appeal are exceeded even though you had the opportunity to submit within the prescribed time constraints.

> The Second Level Response was returned to you on 12/19/14.  The appeal package was first received in our office on 1/23/15.  This exceeds time constraints to submit for third level review.

> Pursuant to CCR 385.6(e), once an appeal has been cancelled, that appeal may not be resubmitted.  However, a separate appeal can be filed on the cancellation decision.  The original appeal may only be submitted if the appeal on the cancellation is granted.  You have 30 calendar days to appeal the cancellation.  Time constrains begin from the date on the screen out form which cancelled your appeal.

*Id.* at 6.  There is nothing in the record showing that Plaintiff filed a separate appeal on the cancellation decision, as he was instructed above.

The obligation to exhaust persists as long as some remedy is available; when that is no longer the case, the prisoner need not further pursue the grievance.  *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005).  A prisoner need not exhaust further levels of review once he has either received all the remedies that are "available" at an intermediate level of review, or has been reliably informed by an administrator that no more remedies are available.  *Id.* at 935.

As mentioned above, Plaintiff's cancelled SVSP-14-05089 does not exhaust administrative remedies.  *See* Cal. Code Regs. tit. 15, § 3084.1(b).  Because there is nothing showing whether Plaintiff appealed the cancellation decision, the record is unclear whether Plaintiff exhausted his claims before filing his federal complaint.

Accordingly, it appears that Plaintiff's claims are unexhausted and subject to dismissal.  However, at this time, Plaintiff's complaint is DISMISSED with leave to amend his complaint to give him an opportunity to prove that he exhausted all of his claims against each Defendant.  If Plaintiff did exhaust his administrative remedies with respect to any or all of those claims before filing this action, he may amend his complaint to so allege, as set forth below.

### III.   CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.       The complaint is DISMISSED WITH LEAVE TO AMEND within **twenty-eight (28) days** of the date this Order is filed.  Plaintiff will be given an opportunity to prove that he exhausted all of his claims against each Defendant.  If Plaintiff did exhaust his administrative remedies with respect to any or all of those claims before filing this action, he may amend his complaint to so allege.

Specifically, Plaintiff must explain whether he appealed the cancelled SVSP-14-05089 prior to filing suit herein.  In so doing, Plaintiff should provide the Court with a copy of appeal of the cancellation decision and any response he received from the appeals coordinator or someone on behalf of the appeals office.  Should Plaintiff fail to amend his complaint in compliance with this Order within the twenty-eight-day deadline, the complaint will be dismissed without prejudice

United States District Court
Northern District of California

1    to Plaintiff's filing a new action after administrative remedies have been exhausted.

2            Furthermore, in his amended complaint, Plaintiff must also link each Defendant to his

3    claims by explaining what that Defendant did that caused a violation of Plaintiff's constitutional

4    rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on

5    individual defendant under section 1983 only if plaintiff can show that defendant proximately

6    caused deprivation of federally protected right). Conclusory allegations of wrongdoing, similar to

7    his allegations in the instant complaint, will not do. *Id.*

8            2.      The amended complaint must include the caption and civil case number used in this

9    Order (C 16-1277 YGR (PR)) and the words "AMENDED COMPLAINT" on the first page.

10   Because an amended complaint completely replaces the prior pleadings, Plaintiff may not

11   incorporate material from the prior pleadings by reference but must include in the amended

12   complaint all the claims and allegations he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d

13   1258, 1262 (9th Cir. 1992). **Failure to amend within the designated time and in accordance**

14   **with this Order will result in the dismissal of this action.**

15           2.      It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court

16   informed of any change of address and must comply with the Court's orders in a timely fashion.

17   Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes

18   while an action is pending must promptly file a notice of change of address specifying the new

19   address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail

20   directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and

21   (2) the Court fails to receive within sixty days of this return a written communication from the *pro*

22   *se* party indicating a current address. *See* L.R. 3-11(b).

23           3.      The Clerk of the Court shall send Plaintiff a blank civil rights complaint form along

24   with his copy of this Order.

25           IT IS SO ORDERED.

26   Dated:  October 14, 2016

27                                                        _____
                                                         YVONNE GONZALEZ ROGERS
28                                                         United States District Judge

United States District Court
Northern District of California

5