UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AARON LAMONT STRIBLING,

    Plaintiff,

v.

DR. ROWE, et al.,

    Defendants.

Case No. 16-cv-01277-YGR (PR)

**ORDER DENYING MOTION FOR RECONSIDERATION**

Plaintiff, a state prisoner, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.

On October 14, 2016, the Court issued an Order of Dismissal with Leave to Amend. Dkt. 4. Specifically, the Court pointed out that "[a] question which must be answered before Plaintiff can proceed with his claims is whether he has exhausted available administrative remedies with respect to each claim." *Id.* at 2. The Court further explained as follows:

> The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under this section, an action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

*Id.* The Court granted Plaintiff twenty-eight days from the date of the Order to amend his complaint to give him an opportunity to prove that he exhausted all of his claims against each Defendant. *Id.* at 4-5. The Court gave the following background information relating to exhaustion in this matter:

> Here, Plaintiff alleges that his 602 inmate appeal relating to the claims in the instant complaint, log no. SVSP-14-05089 ("SVSP-14-05089"), which was submitted to the Director's level, was "cancelled" on April 27, 2015. Dkt. 1 at 2. He also attaches a copy of the April 27, 2015 letter from Acting Chief M. Voong of the Office of Appeals, entitled "RE: TLR# 1409391," which cancelled SVSP-14-05089 as untimely and states as follows:
>
> > Your appeal has been cancelled pursuant to the

> California Code of Regulations, Title 15, Section (CCR) 3084.6(c)(4). Time limits for submitting the appeal are exceeded even though you had the opportunity to submit within the prescribed time constraints.
>
> The Second Level Response was returned to you on 12/19/14. The appeal package was first received in our office on 1/23/15. This exceeds time constraints to submit for third level review.
>
> Pursuant to CCR 385.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be submitted if the appeal on the cancellation is granted. You have 30 calendar days to appeal the cancellation. Time constrains begin from the date on the screen out form which cancelled your appeal.
>
> *Id.* at 6. There is nothing in the record showing that Plaintiff filed a separate appeal on the cancellation decision, as he was instructed above.
>
> The obligation to exhaust persists as long as some remedy is available; when that is no longer the case, the prisoner need not further pursue the grievance. *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005). A prisoner need not exhaust further levels of review once he has either received all the remedies that are "available" at an intermediate level of review, or has been reliably informed by an administrator that no more remedies are available. *Id.* at 935.
>
> As mentioned above, Plaintiff's cancelled SVSP-14-05089 does not exhaust administrative remedies. *See* Cal. Code Regs. tit. 15, § 3084.1(b). Because there is nothing showing whether Plaintiff appealed the cancellation decision, the record is unclear whether Plaintiff exhausted his claims before filing his federal complaint.

*Id.* at 3-4. The Court then determined that "Plaintiff's claims [were] unexhausted and subject to dismissal." *Id.* at 4. However, as mentioned, the Court chose to dismiss Plaintiff's complaint with leave to amend in order to give him an opportunity to prove that he exhausted all of his claims against each Defendant. *Id.* The Court instructed as follows: "If Plaintiff did exhaust his administrative remedies with respect to any or all of those claims before filing this action, he may amend his complaint to so allege . . . ." *Id.* Plaintiff was warned that the failure to timely file an amended complaint would result in the dismissal of the complaint without prejudice to Plaintiff's filing a new action after administrative remedies have been exhausted. *Id.* at 4-5.

On November 30, 2016, the Court noted that the time for Plaintiff to file his amended

2

complaint had passed, and that Plaintiff never filed an amended complaint. Dkt. 5 at 1. The Court dismissed the complaint without prejudice and closed the file. *Id.* at 2.

On or about March 1, 2017, Plaintiff filed a request to "correct the record" to reflect that prison officials had failed to file his "Motion to Alter Judgment," which he had requested to be mailed to the Court on December 8, 2016. Dkt. 8 at 1. The Court construed this request as a motion for an extension of time to file a motion for reconsideration of the Court's November 30, 2016 Order. Dkt. 10 at 1. The Court granted Plaintiff's motion and directed Plaintiff to file a motion for reconsideration no later than twenty-eight days from the filing date of the December 6, 2017 Order. *Id.* Before the Court is Plaintiff's motion for reconsideration. Dkt. 11.

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)).

Here, Plaintiff's motion could be construed as a motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. *Twentieth Century - Fox Film Corp.*, 637 F.2d at 1341.

Here, Plaintiff does not make a showing of mistake, inadvertence, surprise or excusable neglect. *See* Dkt. 11. He does not set forth any newly discovered evidence, fraud, or any grounds

3

for finding that the judgment is void or has been satisfied. *Id.* Instead, Plaintiff argues that the case should be reopened because he disagrees with the Court's findings in its October 14, 2016 Dismissal With Leave to Amend. *Id.* at 1. As the Court explained in its October 14, 2016 Order: "Although a cancelled appeal may not be submitted for further review, the inmate may *separately appeal* the cancellation. Cal. Code Regs. tit. 15, § 3084.6(e). A cancelled appeal does not exhaust administrative remedies. *Id.* § 3084.1(b)." *Id.* at 3 (emphasis added). Thus, the Court found that "[b]ecause there [wa]s nothing showing whether Plaintiff appealed the cancellation decision, the record is unclear whether Plaintiff exhausted his claims before filing his federal complaint." *Id.* at 4. In the instant motion for reconsideration, Plaintiff specifically disputes the requirement to file a separate appeal on the cancellation decision, and, in essence, admits to the fact that he did not appeal the cancellation decision. Dkt. 11 at 1-2. He states as follows:

> [Plaintiff] respectfully [would] like to ask the Court if it could please alter its 11-30-16 [Dismissal] Order and move forward with the case because he did file a[n] appeal and went through all 3 levels, first, second and third and just because it got cancelled doesn[']t mean he didn't file one, really all he ha[s] to do is show that he attempted to exhaust his administrative remedies.

*Id.* at 2 (citation omitted). Plaintiff adds that the futility of the prison grievance procedure should excuse him from complying with the exhaustion requirement, arguing as follows:

> A[n] appeal submitted to the appeal[']s office challenging a cancellation of a[n] appeal they already decided should be cancelled would've made that appeal get cancelled to[o]. If Plaintiff was continuing that cycle hoping they would finally lift the cancel[l]ation of his first appeal so he could exhaust his administrative remedies then he'll never be able to exhaust his administrative remedies and a suit would never emanate and Plaintiff would never get his chance in court with defendants who violated his constitutional rights making his civil rights far away from reach which is not what a [42] U.S.C. § 1983 [action] was made for.

*Id.* at 1-2.

First, Plaintiff is incorrect in his statement that "all he has to do is show that he *attempted* to exhaust his administrative remedies," *id.* at 2 (emphasis added), because exhaustion—and *not* "attempted" exhaustion—of all "available" remedies is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). Because Plaintiff had an

4

opportunity to appeal the cancellation but did not do so—there was an "available" remedy that he did not pursue. Thus, Plaintiff's failure to pursue all "available" remedies indicates that he failed to meet the mandatory exhaustion requirement, and thus dismissal of this action was warranted.

The Court also notes that Plaintiff has raised an argument relating to the futility of the prison grievance procedure, but he only complains about the process and does not elaborate about whether he was indeed prevented from fully exhausting his administrative remedies or whether such remedies were unavailable to him. "The obligation to exhaust available remedies persists as long as some remedy remains available. Once that is no longer the case, then there are no remedies . . . available, and the prisoner need not further pursue the grievance." *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) (citation and internal quotation marks omitted). If prison officials improperly screen out an inmate's appeals, the inmate cannot properly complete the grievance process and administrative remedies are effectively unavailable. *Sapp v. Kimbrell*, 623 F.3d 813, 822-23 (9th Cir. 2010). To satisfy this exception to exhaustion, an inmate must show: "(1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." *Id.* at 823-24. If Plaintiff is able to meet the two aforementioned requirements to satisfy this exception, then he may be able to pursue his civil rights claims despite his failure to exhaust. *See id*. The appropriate course of action, however, is not to reopen this prior case, but to file a new civil rights complaint. Because the section 1983 case was dismissed *without prejudice*, the dismissal does not bar a new action raising the same claims. In his new action, Plaintiff may allege facts that would show that he satisfies the exception to the exhaustion requirement. If Plaintiff chooses to file a new civil rights action, he should be prepared to provide evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc).

For the foregoing reasons, Plaintiff's motion for reconsideration and to reopen this case is DENIED. Dkt. 11.

The Clerk of the Court shall send Plaintiff a copy of a civil rights complaint form and an application to proceed *in forma pauperis*.

This Order terminates Docket No. 11.

IT IS SO ORDERED.

Dated: May 31, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge